UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUTHER D. SEAY, JR.,

                                        Plaintiff,

    vs.                                                              5:25-CV-1593
                                                                     (MAD/DJS)
SHAUN M. CHASE, WILLIAM C. SULLIVAN,
and CERIO LAW OFFICES,

                                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

LUTHER D. SEAY, JR.
93001306
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On November 12, 2025, Luther D. Seay, Jr. ("Plaintiff") commenced this action *pro se*, pursuant to 42 U.S.C. § 1983, alleging that Shaun M. Chase, William C. Sullivan, and Cerio Law Offices ("Defendants") provided ineffective assistance of counsel in violation of Plaintiff's Sixth Amendment rights. *See* Dkt. No. 1. In a Report-Recommendation and Order dated December 23, 2025, Magistrate Judge Daniel J. Stewart recommended that Plaintiff's complaint be dismissed without leave to amend. *See* Dkt. No. 9 at 5. Specifically, Magistrate Judge Stewart found that Defendants are not state actors, and, as such, "dismissal with prejudice is appropriate." *Id.* (quoting *Norwood v. Albany City Police Dep't*, No. 1:19-CV-769, 2019 WL 7593292, *2

1

(N.D.N.Y. Aug. 12, 2019), *R. & R. adopted*, 2019 WL 5415873 (N.D.N.Y. Oct. 23, 2019)). Plaintiff did not file any objections to the Report-Recommendation and Order.

For the reasons that follow, Magistrate Judge Stewart's Report-Recommendation Order is adopted, and Plaintiff's complaint is dismissed.

As described in the Report-Recommendation and Order, Plaintiff alleges that Defendants failed to communicate with him and falsified statements and documents as his appointed counsel in a state court criminal case. *See* Dkt. No. 9 at 3-4; *see also* Dkt. No. 1 at 5 (referring to Defendants as Plaintiff's "assigned counsel[]"). Several exhibits are attached to the complaint, including a handwritten motion addressed to Onondaga County Court, a typed motion to Onondaga County Court with Plaintiff's handwritten edits, and a notation reading, "NO GOOD," handwritten letters from Plaintiff to Defendants, and attorney grievance forms regarding Defendants Chase and Sullivan. *See* Dkt. No. 1-1. On January 16, 2026, before this Court issued a decision on the Report-Recommendation and Order, Plaintiff filed a letter motion requesting to add a new defendant: the "U.S. Stock Exchange." Dkt. No. 11.[1]

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Indeed, the Second Circuit has held that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal

---

[1] Upon Plaintiff's filing of a letter inquiring as to why his case has not been "reopened," the Clerk of the Court provided Plaintiff with a courtesy copy of the docket. Dkt. No. 10.

training." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) (citation omitted). Objections reiterating arguments already made to the magistrate judge are proper if they are timely and specific. *See id.* at 360-61. When a party declines to file objections, or "fails to properly object[,]" the district court reviews the recommendations for clear error. *Id.* at 358-59. After the appropriate review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff did not file objections, the Court reviews Magistrate Judge Stewart's Report-Recommendation and Order for clear error.

The Court does not discern any clear error in Magistrate Judge Stewart's Report-Recommendation and Order. Magistrate Judge Stewart correctly stated that "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Dkt. No. 9 at 4 (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)). Defendants Chase and Sullivan are sued in their capacities as appointed counsel. *See id.* (citing Dkt. No. 1 at 2-3). "Public defenders, including Legal Aid attorneys, court-appointed counsel[,] and private attorneys[,] do not act under the color of state law merely by virtue of their position." *Harrison v. New York*, 95 F. Supp. 3d 293, 328 (E.D.N.Y. 2015)

(citation and internal quotation marks omitted).  They can be considered state actors in "limited circumstances[,]" such as by "making hiring and firing decisions on behalf of the State[,] . . . performing certain administrative and possibly investigative functions[, or] for malpractice . . . under state tort law." *Fox v. Zennamo*, No. 6:15-CV-587, 2016 WL 1090583, *2 (N.D.N.Y. Mar. 18, 2016) (second and third alterations in original) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).  A public defender or appointed attorney also "could be held liable under section 1983 if they conspired with state actors." *Khalil v. Gen. Elec. Corp.*, No. 5:22-CV-312, 2023 WL 11921904, *12 (N.D.N.Y. Dec. 1, 2023), *R. & R. adopted*, 2024 WL 3963699 (N.D.N.Y. Aug. 28, 2024).

Here, the complaint's factual allegations do not support an inference that Defendants Chase and Sullivan engaged in conduct that would implicate any of the limited circumstances where appointed counsel can be considered state actors.  Plaintiff has not alleged facts that plausibly suggest Defendants were involved in a "conspiracy to inflict an unconstitutional injury." *Id.*  This Court has previously noted that "42 U.S.C. § 1983 is not the appropriate vehicle to bring a claim for ineffective assistance of counsel." *Lawrence v. Shattick*, No. 8:24-CV-656, 2025 WL 542587, *4 n.5 (N.D.N.Y. Feb. 19, 2025) (citation omitted).  Thus, Magistrate Judge Stewart correctly observed that, because Defendants Chase and Sullivan are not state actors, Plaintiff's claim against them fails as a matter of law.  *See* Dkt. No. 9 at 5.

As for Plaintiff's claim against Defendant Cerio Law Offices, Magistrate Judge Stewart recommended dismissal because the law office is "not a 'person' within the meaning of section 1983." *Id.* (quoting *Reynolds v. Darrah*, No. 11-CV-5885, 2011 WL 4582430, *1 (S.D.N.Y. Sept. 30, 2011)).  As "[a] § 1983 action may be maintained only against a 'person' who has deprived another of rights under the Constitution[,]" *Reynolds*, 2011 WL 4582430, at *1 (citing

4

42 U.S.C. § 1983), and "law firms are not 'persons' within the meaning of § 1983[,]" *id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) (other citations omitted), the Court agrees that Plaintiff's claim against Defendant Cerio Law Offices also fails as a matter of law. Additionally, Plaintiff's claims against Defendant Cerio Law Offices do not satisfy the state action requirement. *See Fraccola v. DelConte*, No. 6:25-CV-34, 2025 WL 3228085, *7 & n.4 (N.D.N.Y. Nov. 19, 2025), *appeal filed*, No. 25-3128 (2d Cir. Dec. 12, 2025) (dismissing § 1983 claims against a law firm because, *inter alia*, the law firm was not a state actor); *Brinn v. Syosset Pub. Libr.*, 61 F. Supp. 3d 247, 255 (E.D.N.Y. 2014), *aff'd*, 624 Fed. Appx. 47 (2d Cir. 2015) (summary order) (same). Accordingly, the Court dismisses Plaintiff's claims against Defendant Cerio Law Offices.

The Court acknowledges that, based on Plaintiff's factual allegations, it is not clear to what extent the underlying events implicate a state-level criminal matter. *See* Dkt. Nos. 1, 11. Depending on the status of Plaintiff's state-level criminal proceedings, the *Heck v. Humphrey* bar or *Rooker-Feldman* doctrine may divest this Court of jurisdiction over this action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).[2]

---

[2] Under *Heck*, a claim is barred if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Under the *Rooker-Feldman* doctrine, "federal courts are divested of jurisdiction over claims that seek to overrule state court determinations." *Dees v. Zurlo*, No. 1:24-CV-1, 2024 WL 2291701, *2 (N.D.N.Y. May 21, 2024), *aff'd sub nom. Dees v. Knox*, No. 24-1574, 2025 WL 485019 (2d Cir. Feb. 13, 2025) (summary order), *cert. denied*, 146 S. Ct. 201 (2025) (citation omitted). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Next, the Court addresses Plaintiff's letter dated December 27, 2025, which was filed on January 16, 2026, requesting to add the "U.S. Stock Exchange" as a defendant. Dkt. No. 11 at 1. The Court could not locate any established entity by this name, but acknowledges that Plaintiff may have intended to name the New York Stock Exchange or use a fictitious name. Although "a plaintiff may be permitted to use a fictitious name in the case caption if it appears that the plaintiff has provided enough information such that the defendant's identity could be obtained 'with limited further discovery[,]'" *Stensrud, Inc. v. Does*, 805 F. Supp. 3d 440, 445 (E.D.N.Y. 2025) (quoting *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997)) (other citations omitted), Plaintiff has failed to provide any information about the stock exchange's role in the alleged violation of Plaintiff's constitutional rights, *see* Dkt. No. 11 at 1-2. Plaintiff attempted to name the U.S. Stock Exchange in a separate lawsuit commenced in December 2024, but, because the complaint "lack[ed] any allegations to support Plaintiff's alleged claim[,]" it was dismissed with prejudice as to that defendant. *Seay v. Christopher*, No. 5:24-CV-1468, 2025 WL 1286075, *1-2, *5 (N.D.N.Y. Mar. 24, 2025), *R. & R. adopted*, 2025 WL 1282534 (N.D.N.Y. May 2, 2025). Here, because Plaintiff makes no allegations that plausibly suggest the entity violated his constitutional rights, a similar conclusion follows—Plaintiff's letter motion to add a new defendant is denied.

A court should generally not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citations omitted). However, "an opportunity to amend is not required where 'the problem with [plaintiff's] causes of action is substantive,' such that '[b]etter pleading will not cure it.'" *Veronese v. Finkle*, No. 1:11-CV-1244, 2011 WL 6258812, *1 n.1 (N.D.N.Y. Dec. 12, 2011) (alterations in original) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (other citations omitted).

In the present case, not only has Plaintiff failed to allege state action or otherwise establish this Court's jurisdiction to consider his purported § 1983 claims, but it appears that a "better pleading will not cure it." *Cuoco*, 222 F.3d at 112.[3] Plaintiff's complaint is, therefore, dismissed with prejudice and without leave to amend as recommended by Magistrate Judge Stewart.

After carefully reviewing the entire record in this matter and the applicable law, and for the above-stated reasons, the Court hereby

ORDERS that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED**; and the Court further

ORDERS that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

ORDERS that Plaintiff's letter motion seeking to add a new defendant (Dkt. No. 11) is **DENIED**; and the Court further

ORDERS that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 5, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Plaintiff has filed three other actions in this District: one habeas corpus petition*, Seay v. Oneida Cnty. Corr. Facility*, No. 9:21-CV-924 (N.D.N.Y. Aug. 18, 2021); and two § 1983 lawsuits, *Seay*, 2025 WL 1282534, at *2; *Seay v. McCormac*, No. 9:21-CV-925 (N.D.N.Y. Oct 7, 2021). Plaintiff's § 1983 actions were dismissed because he failed to state any cognizable claims.  *See Seay*, 2025 WL 1282534, at *1; *Seay*, No. 21-CV-925, Dkt. No. 7.